OH REHEARING.
Per Curiam.
We are strongly pressed on the argument of the petition for rehearing to reconsider the opinion for the error said to have occurred in our determination of the application and effect of the doctrine of estoppel, as applied to the transaction between Prall, the mortgagee, and Mrs. Richards, deceased, who was not the mortgagor, but is alleged to be bound bj- the instrument because of some arrangement which she made antecedent to the execution of the security with Prall, who loaned the money. We are quite of the opinion the case has been correctly decided, and that there should be no change in the judgment, because the question which is suggested in the brief and urged on our attention is not properly preserved in the record. The case was twice tried, and, on the trial in the county court, judgment was entered against the appellant, whose claim that there is error in the record is based wholly on the proposition that the evidence discloses facts which prevent the plaintiff from maintaining the suit. The case having been tried to the court without a jury, we are not at liberty to review the case on the testimony, and decide thereon that the judgment was -incorrectly entered, because no exception to the judgment is saved or preserved in the bill of exceptions. At nearly every term of court we are called on to reverse cases on the contention that the judgment is unsupported by the evidence, when the parties have wholly neglected to do that which has been uniformly decided in the state to be prerequisite to the right of the appellate courts to review the case on the testimony. The appellant is therefore in no position to insist on the principal error which he alleges inheres in the record. Aside from this consideration, we are *168 very frank to say the case is not brought within the authority of Merrill v. Parker, 112 Mass. 250, which is cited as an authority for the appellant’s contention. The case wholly fails to show any misrepresentation on the part of Richards or his wife with reference to the ownership of the property. The mortgage originally ran in the names of both Richards and his wife; was intended to be executed by both, on the theory and understanding that it was joint property as to certain parts of it, and individual property as to other parts, belonging, respectively, to the husband and wife; and Prall was advised that, to include the wife’s property, it was essential she should execute the instrument. It is insisted by the appellant in his testimony, as well as urged by counsel in the argument, that, the wife having agreed to execute the mortgage, Prall, as mortgagee, was entitled to take possession of the propertjq and the wife estopped to insist on her claim. The answer to the contention is that the mortgagee had full knowledge of the ownership. The agreement on the part of the wife was not that the husband should execute the mortgage, and she be thereby bound, nor that the property was the husband’s, and the mortgage conclusive on her, because she would not be permitted, under the circumstances, to denjr the husband’s ownership. If anything, it was an agreement by the wife to execute a mortgage on her property to secure the nonpayment of the money. Under some circumstances, and in some form of a suit, the equitable rights of the mortgagee, if any, might be protected, and he be able to bind the property with the equitable lien, if he was able to convince the court that such an agreement had been made, and that he parted with his money on the faith and strength of this contract on her part to execute a security on the property described. We are not concerned with this question, and we do not declare what the law would be under other circumstances. We simply hold that what was done by the mortgagee was to foreclose a mortgage on property which was not properly bound by the instrument, and, so far as we are able to see, he made no proof which would operate to estop the wife or her representative from insisting that the *169 goods were not covered by the lien. The suggestions which we make in this direction are simply to show that no such case was made out as would require or permit the application of the doctrine of estoppel, although, as we have before said, we do not regard the matter as legitimately or properly before us, or that we are required to express any opinion about it. The judgment was properly affirmed, and it will not be disturbed on this rehearing.